1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRED JAMES MORLEY,

11              Petitioner,                    No. CIV S-07-1083 LKK KJM P

12        vs.

13   TOM L. CAREY,

14              Respondent.            FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus under 28 U.S.C. § 2254.  He challenges 2004 prison disciplinary proceedings that

18   resulted in the loss of good conduct sentence credit.  Respondent has filed a motion to dismiss

19   arguing that this action is time-barred.  Petitioner has filed an opposition.[1]

20   /////

21   /////

22   /////

23   /////

24   _____

25        [1] The Opposition is entitled a "Traverse," and in fact reads for the most part as a traverse
     to an answer.  The document includes a response to the motion to dismiss, as well, however, and the
     court has considered these arguments of petitioner in the course of resolving the pending motion.
26   See Opp'n at 8-9 (CM/ECF pagination).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

With respect to prison disciplinary proceedings, the limitations period generally begins under § 2244(d)(1)(D) when the administrative process concerning the disciplinary proceedings is complete.  Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).  In this case, the administrative process was complete on December 3, 2004.  Mot. Ex. 2.  The limitations period began to run the next day with respect to all of petitioner's claims cognizable in this action.[2]

---

[2] Throughout his habeas petition, petitioner takes issue with certain aspects of state court proceedings where petitioner challenged the disciplinary finding of guilt at issue in this action.  See e.g., Pet. at 17-18 (claims "D" and "E").  However, flaws in such proceedings, by themselves, cannot be challenged here because petitioner does not have a Constitutional right to challenge prison disciplinary proceedings in state court.  See Superintendent v. Hill, 472 U.S. 445, 454 (1985) (prisoners have the following Constitutional rights with respect to prison disciplinary proceedings: 1) advance written notice of the charges; 2) an opportunity, when consistent with institutional safety

1    It is not disputed that the limitations period ran between December 4, 2004 and

2  January 13, 2005 and then again between June 15, 2006 and May 20, 2007, the latter being the

3  day petitioner signed his federal habeas petition.[3]  The court finds no basis in the record to toll

4  the limitations period during those periods of time, which equal a total of 379 days.  Because this

5  action was not filed until May 20, 2007 at the earliest, this action is time-barred and must be

6  dismissed.

7    In accordance with the above, IT IS HEREBY RECOMMENDED that:

8    1.  Respondent's motion to dismiss (#8) be granted; and

9    2.  This action be dismissed as time-barred.

10    These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

12  days after being served with these findings and recommendations, any party may file written

13  objections with the court and serve a copy on all parties.  Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15  shall be served and filed within ten days after service of the objections.  The parties are advised

16  that failure to file objections within the specified time may waive the right to appeal the District

17  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED:  September 8, 2008.

19                                    _____

20  1                                  U.S. MAGISTRATE JUDGE
    morl1083.157

21  _____

22  and correctional goals, to call witnesses and present documentary evidence in their defense; 3) A
    written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary
23  action; and 4) that the findings of the prison disciplinary board be supported by some evidence in
    the record).

24    [3]  Ordinarily, habeas petitions are deemed filed in this court when the petitioner submits the
    petition to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 270 (1988).  It is not
25  clear when petitioner gave his federal petition to prison officials.  Even giving petitioner the benefit
    of the doubt by assuming, as here, that he mailed the petition on the date he signed it, he did not
26  timely file under AEDPA.

3